Filed 12/1/25  P. v. Phillips CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>ANTHONY DWAYNE PHILLIPS,<br>    Defendant and Appellant. | A169001<br><br>(Contra Costa County<br>Super. Ct. No. 2-308048-8) |

**MEMORANDUM OPINION**[1]

In 2012, Anthony Dwayne Phillips was sentenced to 20 years in state prison after pleading guilty to forcible rape (Pen. Code[2] § 261, subd. (a)(2)) and admitting three prior prison terms (§ 667.5, subd. (b)), along with a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike (§ 1170.12) based on a robbery he committed in 1998.  When Phillips sought resentencing in 2023 under sections 1172.75 and 1385, the superior court struck his three one-year enhancements for prior prison terms, but declined to strike a five-year enhancement for the prior strike.  In this appeal, Phillips argues the

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Penal Code.

court abused its discretion by failing to give due weight to the fact that the prior-strike enhancement was "based on a prior conviction that [was] over five years old." (§ 1385, subd. (c)(2)(H).) We agree, so we will reverse the judgment and remand the matter for further proceedings.

When, as here, a sentence is recalled under section 1172.75, the defendant must receive "a full resentencing." (*People v. Garcia* (2024) 101 Cal.App.5th 848, 855.) Under section 1385, subdivision (c)(1), "the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." When exercising its discretion in that respect, the court "shall consider and afford great weight to evidence offered by the defendant to prove" that the "enhancement is based on a prior conviction that is over five years old." (§ 1385, subds. (c)(2), (c)(2)(H).) Here, in explaining why it would not dismiss the prior-strike enhancement, the superior court stated: "So I think that this is really a question of how seriously I consider [section] 1385, [subdivision] (c)(2)(H). And the context of it is that I don't think it is very significant that the [prior conviction] was [more than five years] old, considering" that Phillips had only "been off of parole for" the prior conviction "for one year" at the time he committed the rape. "So I don't think that there is a strong weight to give to the age of the prior conviction."

Put simply, this statement stands in direct contradiction to the text of section 1385, subdivision (c), which provides only one exception to the general rule that a prior conviction being more than five years old should be afforded great weight: Such evidence "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) And here, the superior court appeared to find that exception to be inapplicable, saying: "I do not find

2

that there is anything in the post-conviction conduct that shows that Mr. Phillips endangers public safety. I think that's relatively uncontested based on what the People have argued." Thus, there was no reason under section 1385 not to afford great weight to the age of the prior conviction, and the superior court's election not to ascribe "a strong weight" to it was contrary to law and therefore an abuse of discretion.

In reaching this conclusion, we express no opinion as to whether the superior court should have stricken the prior-conviction enhancement. That the court was not permitted to assign less than great weight to certain mitigating circumstances does not mean it cannot consider evidence in opposition to dismissal. After observing the weight to be accorded to the mitigating circumstance, the court would have next been required to "determine whether dismissal is in furtherance of justice." (*People v. Walker* (2024) 16 Cal.5th 1024, 1036 (*Walker*), citing *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098.) This analysis requires the "great weight" initially placed upon the mitigating circumstance to then serve as the standard against which any evidence opposing dismissal is measured. As *Walker* instructs: in practice, "[t]his means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker* at p. 1036 ["Without credible evidence to support findings on aggravating circumstances, judges could disregard mitigating factors without a proper basis for doing so"].)

Finally, we disagree with the Attorney General, who argues in his brief that this conclusion is inconsistent with *Walker*, *supra*, 16 Cal.5th 1024. There, our Supreme Court held that "section 1385, subdivision (c)(2) does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety." (*Id*. at p. 1033.) But the problem in this case is not that the superior court failed to apply a rebuttable presumption in favor of dismissal; the problem is that in deciding whether dismissal should be granted, the trial court failed to afford a particular piece of evidence its statutorily prescribed weight. As the *Walker* court put it, "absent a finding that dismissal would endanger public safety, a court must assign *significant value* to the enumerated mitigating circumstances when they are present." (*Id*. at p. 1038, italics added.) By its own words, the superior court here did not do that.

## DISPOSITION

The judgement is reversed, and the matter is remanded for a new resentencing hearing in which the superior court is to afford great weight to the age of the prior strike.

4

_____

Smiley, J.


WE CONCUR:


_____

Banke, Acting P. J.


_____

Langhorne Wilson, J.


*People v. Phillips*  A169001